| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2382cv01016 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Norfolk Superior Court (Dedham) |

| Plaintiff    Christine Wilson | Defendant:    Bell Partners, Inc.; Bel Stoughton, LLC |
|---|---|
| ADDRESS: | ADDRESS: |
| | |
| | |
| Plaintiff Attorney:    Kenneth D. Quat | Defendant Attorney: |
| ADDRESS:    373 Winch St., Framingham MA 01701 | ADDRESS: |
| | |
| | |
| BBO:    408640 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. BHI | TYPE OF ACTION (specify) Violation of trade regulation laws | TRACK A | HAS A JURY CLAIM BEEN MADE? ☒ YES   ☐ NO |
|---|---|---|---|

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? ☐ YES  ☒ NO | Is there a class action under Mass. R. Civ. P. 23? ☒ YES  ☐ NO |
|---|---|

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses _____

    2. Total doctor expenses _____

    3. Total chiropractic expenses _____

    4. Total physical therapy expenses _____

    5. Total other expenses (describe below) _____

    _____

                             Subtotal (1-5):    $0.00

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below)    $500,000.00

Unlawful water/sewer charges (amount estimated)

                             TOTAL (A-F):    $500,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff was billed for sub-metered water/sewer charges in violation of G.L. c. 186, s. 22.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X  /s/Kenneth D. Quat    Date:    10/10/2023

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

None known.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X  /s/Kenneth D. Quat    Date:    10/10/2023

## COMMONWEALTH OF MASSACHUSETTS
## NORFOLK COUNTY
## Public Docket Report

### 2382CV01016 Wilson, Christine vs. Bell Partners, Inc. et al

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 11/06/2023 |
| **ACTION CODE:** BH1 | **CASE TRACK:** A - Average |
| **DESCRIPTION:** Violation of Antitrust or Trade Regulation Laws | |
| **CASE DISPOSITION DATE:** 02/26/2024 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 02/26/2024 |
| **CASE JUDGE:** | **CASE SESSION:** Civil C |

### PARTIES

**Plaintiff**
Wilson, Christine

**Attorney** 408640
Kenneth D Quat
Quat Law Offices
Quat Law Offices
373 Winch St
Framingham, MA 01701
Work Phone (508) 872-1261
Added Date: 11/06/2023

**Defendant**
Bel Stoughton, LLC
CT Corporation System
155 Federal Street
Suite 700
Boston, MA 02110

**Attorney** 687670
Stephen Orlando
Gordon Rees Scully Masukhani, LLP
Gordon Rees Scully Masukhani, LLP
28 State St
Suite 1050
Boston, MA 02109
Work Phone (857) 504-6104
Added Date: 02/26/2024

**Defendant**
Bell Partners, Inc.
CT Corporation System
155 Federal Street
Suite 700
Boston, MA 02110

**Attorney** 687670
Stephen Orlando
Gordon Rees Scully Masukhani, LLP
Gordon Rees Scully Masukhani, LLP
28 State St
Suite 1050
Boston, MA 02109
Work Phone (857) 504-6104
Added Date: 02/26/2024

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 11/07/2023 | Civil Filing Fee (per Plaintiff) Receipt: 28112 Date: 11/07/2023 | 240.00 | 240.00 | 0.00 | 0.00 |
| 11/07/2023 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 28112 Date: 11/07/2023 | 20.00 | 20.00 | 0.00 | 0.00 |
| 11/07/2023 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 28112 Date: 11/07/2023 | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **275.00** | **275.00** | **0.00** | **0.00** |



**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Public Docket Report**

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 11/07/2023 | 1 | Complaint electronically filed. (E-filed 11/6/2023) jm | |
| 11/07/2023 | 2 | Civil action cover sheet filed. (E-filed 11/6/2023) jm | |
| 11/07/2023 | | Case assigned to: DCM Track A - Average was added on 11/07/2023 | |
| 11/07/2023 | | EDocument sent: A Tracking Order was generated and sent to: Plaintiff, Attorney: Kenneth D Quat, Esq. ken@quatlaw.com | |
| 11/20/2023 | | One Trial case reviewed by Clerk, case to remain in the Superior Court. Judge: Hickey, Mary K | Hickey |
| 01/26/2024 | 3 | Service Returned for Bel Stoughton, LLC by delivering in hand to Tasha Mann, agent and person in charge at the time of service for Bel Stoughton, LLC on 1/18/24 at 2:30pm (efiled 1/25/24) mc | |
| 01/26/2024 | 4 | Service Returned for Bell Partners, Inc by delivering in hand to Tasha Mann, agent and person in charge at the time of service for Bell Partners, Inc on 1/18/24 at 2:30pm (efiled 1/25/24) mc | |
| 02/23/2024 | | Docket Note: On this date Notice of Removal was rejected in efile due to no prove. | |
| 02/26/2024 | 5 | Defendants Bell Partners, Inc., Bel Stoughton, LLC's Notice of Removal (E-Filed 02/20/2024) mk | |
| 02/26/2024 | | Case transferred to another court. | |
| 02/26/2024 | | Attorney appearance On this date Stephen Orlando, Esq. added for Defendant Bell Partners, Inc. | |
| 02/26/2024 | | Attorney appearance On this date Stephen Orlando, Esq. added for Defendant Bel Stoughton, LLC | |
| 02/26/2024 | | Docket Note: On this date attested copies of each pleading was sent to attorney Stephen Orlando, Esq. | |

I HEREBY CERTIFY THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE

Deputy Assistant Clerk

3/13/24

# COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.

**Superior Court Department**
No. 2382cv01016

---

| | |
|---|---|
| **CHRISTINE WILSON, individually and on behalf of all others similarly situated,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| **BELL PARTNERS, INC. and BEL STOUGHTON, LLC,** | ) |
| | ) |
| **Defendants** | ) |

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

### Introductory Statement

Massachusetts General Laws Chapter 186, § 22, and the Massachusetts Sanitary Code impose strict requirements on residential landlords and their agents who choose to bill tenants individually for water and sewer service as measured by submeters installed in their apartments. Plaintiff resides at an apartment complex in Stoughton, Massachusetts, that is owned and managed by Defendants, during which time her rights under § 22 and the Code have been violated in multiple respects. These violations resulted from standard business practices employed by Defendants at the Stoughton property and by defendant Bell Partners, Inc. at other apartment complexes in Massachusetts, and are continuing.

### Parties

1.      Plaintiff Christine Wilson is an individual who resides in Stoughton, Norfolk County, Massachusetts.

2.      Defendant Bell Partners, Inc. is a North Carolina corporation that conducts business

in Massachusetts with a principal place of business at 300 North Greene Street, Greensboro, North Carolina 27401.

3.     Defendant Bel Stoughton, LLC, is a Delaware limited liability company that conducts business in Massachusetts with a principal place of business at Two International Place, Boston, Massachusetts 02110.

### Facts

4.     At times relevant to this complaint Bel Stoughton was the owner of an apartment complex in Stoughton, Massachusetts, known as "Bell Stoughton" (the "Property").

5.     Plaintiff entered into a lease dated November 16, 2022 (the "Lease") to rent Apartment 5409 at the Property (the "Unit") from November 25, 2022 – January 24, 2024 (the "Tenancy").

6.     Plaintiff moved into the Unit on or about November 25, 2022, and resides there today.

7.     At relevant times Bell Partners managed the Property on behalf of the landlord.

8.     At relevant times the Town of Stoughton ("Stoughton") supplied water service and sewer service to the Property.

9.     The Lease provided for water and sewer service supplied to the Unit to be calculated and billed on a sub-metered basis by a company selected by the landlord.

10.    Defendants engaged Conservice, LLC to calculate and bill sub-metered water and sewer service provided to the Unit.

11.    On behalf of Defendants, Conservice calculated sub-metered water and sewer charges and issued periodic bills to Plaintiff for such charges.

12.    At all relevant times M.G.L. c. 186, § 22(e), provided that a tenant could not be

billed on a sub-metered basis for water and sewer service unless all faucets, showerheads, and toilets in the apartment were "water conservation devices" as defined by § 22(a).

13.    At all relevant times, M.G.L. c. 186, § 22(e), prohibited charging a tenant on a sub-metered basis for water and/or sewer service without ensuring that all water conservation devices were functioning properly on the commencement date of the tenancy.

14.    Defendants did not ensure that all of the Unit's water conservation devices were functioning properly at the commencement of the Tenancy.

15.    On the date the Tenancy commenced, M.G.L. c. 186, § 22(f), provided that a tenant could only be charged separately for sub-metered water and/or sewer usage if the lease "fully discloses in plain language the details of the [] submetering and billing arrangement between the landlord and the tenant" and if submeter bills "clearly set forth all charges and other relevant information . . . including . . . the amount of water [and sewer usage] consumed since the last reading."

16.    The Lease stated in pertinent part: "we will provide you with a bill for water/sewer usage which will include . . . the amount of water consumed since the last reading."

17.    The sub-metered bills issued to Plaintiff stated, with respect to both water and sewer service, that "[y]our submeter reads in ten gallon units."

18.    No language indicating that sub-metered water or sewer service would be measured and billed in 10-gallon units appears in the Lease.

19.    The sub-metered bills issued to Plaintiff did not set forth the amounts of water service or sewer service supplied to the Unit during the billing periods.

20.    At all relevant times, M.G.L. c. 186, § 22(g), required that charges per unit of water service and sewer service billed to tenants be calculated on the basis of information

3

contained in water/sewer bills issued by the provider for the same billing period.

21.     During the Tenancy, Plaintiff was issued bills for sub-metered water and sewer service on a monthly basis, more or less.

22.     During the Tenancy, the sub-metered water and sewer bills issued to Plaintiff were based on the most recent water/sewer bill issued by Stoughton, not on bills correlating with the periods of Plaintiff's actual usage.

23.     As a result of Defendants' practices set forth above, amounts charged to Plaintiff for sub-metered water charges and sewer charges were unlawful.

24.     Plaintiff paid the sub-metered water and sewer charges billed to her during the Tenancy.

<u>**Class Action Allegations**</u>

25.     Plaintiff brings this action on behalf of herself and classes of persons similarly situated which, pending further investigation and discovery, are initially defined as follows:

> Class A (count I) comprises all current and former lessees of sub-metered Massachusetts apartments owned and/or managed by Bell Partners, Inc., whose water conservation devices were not ensured to have been functioning properly on the commencement dates of their tenancies, and who, on or after the date four years prior to the filing of this action, were issued and paid any portion of a sub-metered water and/or sewer bill.

> Class B (count II) comprises all current and former lessees of sub-metered Massachusetts apartments owned and/or managed by Bell Partners, Inc., whose leases did not provide for sub-metered measurement or billing in ten-gallon units and who, on or after the date four years prior to the filing of this action, were issued and paid any portion of a sub-metered bill for water or sewer service measured in ten gallon units.

> Class C (count III) is comprised of all current and former lessees of sub-metered Massachusetts apartments owned and/or managed by Bell Partners, Inc., who, or after the date four years prior to the filing of this action, were issued and paid any portion of a sub-metered bill with a charge per unit of water or sewer service not calculated on the basis of the utility provider's charge for the same billing period.

4

A sub-class of each of the above classes and sub-classes is comprised of lessees of the Property, to whom Bel Stoughton, LLC, is alleged to be jointly and severally liable with Bell Partners.

Excluded from each class and sub-class are current and former officers, directors, employees, and agents of Defendants and persons who have released Defendants from all of the claims asserted.

26.     The Property contains approximately 240 apartments and Plaintiff alleges on information and belief that at relevant times there were at least hundreds of other rental apartment units in Massachusetts under the ownership, management, and or control of Bell Partners that were sub-metered for water and sewer service. Given the number of sub-metered apartments and typical occupany turnover rates, each class and sub-class is sufficiently numerous such that joinder is impracticable

27.     There are questions of law and fact common to the classes and sub-classes which predominate over any questions affecting only individual members. The principal common questions are whether the Property was owned, operated, and managed as alleged; whether Defendants engaged in one or more of the allegedly unlawful business practices during the class periods at the Property and other residential apartment properties in Massachusetts; whether class members were harmed; and whether Defendants are jointly and severally liable to tenants of the Property for the alleged violations and resulting harm.

28.     Plaintiff's claims are typical of the claims of class and sub-class members. All claims arise from the same operative facts and are based on the same legal theories.

29.     Plaintiff will fairly and adequately protect the interests of class and sub-class members. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling landlord-tenant, consumer protection, and class action litigation. Neither Plaintiff nor counsel have any interests that might cause them not to

vigorously and competently prosecute this action.

30.    A class action is superior to other methods for the fair and efficient adjudication of this controversy, as the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, rendering it impractical and economically unfeasible for class members to seek redress individually. In addition, a class action is necessary to vindicate the rights of persons who are unaware they have claims against Defendants.

31.    A class action is also a superior method for resolving this controversy because the prosecution of separate actions by individuals would create a risk of inconsistent or varying adjudications which might establish incompatible standards of conduct for Defendants.

32.    There are no unusual or extraordinary difficulties likely to be encountered by the Court in managing this case as a class action.

## Failure to Ensure Proper Functioning of Water Conservation Devices

### COUNT I
### Violation of M.G.L. c. 186, §§ 22(e) and (c)

33.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

34.    Count I is brought by Plaintiff individually and on behalf of Class A and the sub-class.

35.    Defendants failed to ensure that the Unit's water conservation devices were functioning properly on the commencement date of the Tenancy, in violation of M.G.L. c. 186, sections 22 (c) and (e).

36.    Under M.G.L. c. 186, § 22(c) and (e), Defendants were prohibited from billing Plaintiff for sub-metered water or sewer usage.

37.    Plaintiff was harmed by paying water and sewer charges unlawfully billed to her.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution; rescinding any unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees; and awarding such other relief as this Court deems fair and just.

## Unlawful Measurement/Calculation of Water/Sewer Service

### COUNT II
### Violation of M.G.L. c. 186, §§ 22(f) and (c)

38.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

39.    Count II is brought by Plaintiff individually and on behalf of Class B and the sub-class.

40.    Defendants measured Plaintiff's water and sewer usage in ten gallon units and calculated water and sewer charges billed to Plaintiff based on such measurements.

41.    The Lease did not fully disclose in plain language the details of the submetering and billing arrangement to be employed by Defendants.

42.    The sub-metered bills issued to Plaintiff did not clearly set forth the amounts of water and sewer usage consumed since the last readings.

43.    Under M.G.L. c. 186, § 22(f) and (c), Defendants were prohibited from billing Plaintiff for sub-metered water and/or sewer usage.

44.    Plaintiff was harmed by paying water and sewer charges unlawfully billed to her.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution; rescinding any unpaid water and sewer charges

7

and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees; and awarding such other relief as this Court deems fair and just.

### Failure to Correlate Billing Periods

### COUNT III
### Violations of M.G.L. c. 186, §§ 22(g) and (c)

45.     The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

46.     Count III is brought by Plaintiff individually and on behalf of Class C and the sub-class.

47.     Plaintiff was billed monthly for sub-metered water and sewer charges.

48.     The charges per unit of water and sewer service set forth in Plaintiff's monthly sub-metered bills were not based on information contained in Stoughton water and sewer bills for service supplied to the Property for the same billing periods, as required by M.G.L. c. 186, § 22(g).

49.     Defendants violated M.G.L. c. 186, § 22(g), by calculating charges per unit of water service and sewer service billed to Plaintiff on the basis of municipal water and sewer charges for different billing periods than Plaintiff's sub-metered bills.

50.     Under M.G.L. c. 186, § 22(c), Defendants were prohibited from billing Plaintiff for sub-metered water and/or sewer charges.

51.     Plaintiff was harmed by paying unlawful water and sewer charges billed to her.

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, rescinding any unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct

8

complained of; awarding interest, costs, and reasonable attorney's fees; and awarding such

other relief as this Court deems fair and just.

**Plaintiff claims jury trial.**

**CHRISTINE WILSON, Plaintiff**
**By her attorneys:**

/s/

*Kenneth D. Quat*
Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261
kquat@quatlaw.com

*/s/ John R. Yasi*
John R. Yasi
BBO #556904
Yasi & Yasi, P.C.
2 Salem Green
Salem MA 01970
617-741-0400
john.yasi@yasiandyasi.com

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE

Deputy Assistant Clerk          3/13/24

9

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016

Docketed 02/26/2024

5

# UNITED STATED DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

<table>
<tr><td>
CHRISTINE WILSON, individually and<br>on behalf of all others similarly situated,<br><br>               Plaintiff<br><br>v.<br><br>BELL PARTNERS, INC. and<br>BEL STOUGHTON, LLC,<br><br>               Defendants
</td></tr>
</table>



Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

Date: _02/20/2024_____

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the defendants remove the civil action

*Christine Wilson, Individually and on Behalf of all others Similarly Situated v. Bell Partners,*

*Inc. and Bel Stoughton, LLC*, Norfolk Superior Court Department No. 2382CV01016 from the

Superior Court for Norfolk County, Massachusetts to the United States District Court for the

District of Massachusetts ("USDC").

    The USDC has original subject-matter jurisdiction of this action, pursuant to 28 U.S.C. §

1332 and 28 USC § 1441, because complete diversity of citizenship exists between the parties

and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016

## Relevant Background

On November 6, 2023, the plaintiff filed an action entitled *Christine Wilson, Individually and on Behalf of all others Similarly Situated v. Bell Partners, Inc. and Bel Stoughton, LLC*, No. 2382CV01016 in the Superior Court of Norfolk County, Massachusetts. *See Complaint*, **Exhibit 1**.

The Complaint identifies the plaintiff as a resident of Massachusetts. **Exhibit 1, ¶ 1.** The Complaint identifies the defendant, Bell Partners, Inc., as a corporation with a principal place of business in North Carolina. *Id.* at ¶ 2, *Affidavit of Bell Partners, Inc.*, **Exhibit 2**. The co-defendant, Bel Stoughton, LLC, is a limited liability company with two members. *Affidavit of Bel Stoughton, LLC,* **Exhibit 3**. The two members are citizens of Delaware. *Id.* The defendants received service of the Complaint on January 18, 2024. **Exhibit 2.**

The Complaint alleges that Bell Partners, Inc. owned an apartment complex in Massachusetts and that Bel Stoughton, LLC managed the complex. **Exhibit 1, ¶ 4, 7.** The Complaint alleges that the defendants violated <u>M.G.L. c. 186, § 22</u> by (i) failing to ensure that water conservation devices were functioning properly on the commencement date of the plaintiff's tenancy; (ii) failing to disclose the details of sub-metering and billing arrangements in the plaintiff's lease agreement; (iii) failing to set forth the amount of water and sewer usage in the sub-metered bills; and (iv) failing to calculate the per unit charge for water and sewer based upon water and sewer bills supplied by the town of Stoughton for the same billing period. *Id.* at p. 6-8.

The Complaint alleges claims by the plaintiff, individually, and on behalf of persons similarly situated. *Id.* at ¶ 25. The Complaint alleges that the property contains 240 apartment

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016

Case 1:24-cv-10390-BEM     Document 10     Filed 03/14/24     Page 15 of 51
Case 1:24-cv-10390-LTS     Document 1     Filed 02/16/24     Page 3 of 32

units. *Id.* at ¶ 26. It asserts claims on behalf of all tenants, since November 2019, who received
or paid a sub-meter bill in violation of M.G.L. c. 186, § 22.

<u>**Argument**</u>

I.     **REMOVAL IS PROPER BECAUSE 28 U.S.C § 1332 PROVIDES THIS COURT
WITH ORIGINAL SUBJECT MATTER JURISDICTION.**

    28 U.S.C. § 1332(a)(1) provides this Court with original jurisdiction "of all civil actions
where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and
costs, and is between citizens of different States." 28 U.S.C. § 1441 allows the defendants to
remove a civil action filed in State Court if this Court has original jurisdiction.

    **A. There is Complete Diversity of Citizenship Between the Parties.**

    The plaintiff alleges that she is a resident of Massachusetts. **Exhibit 1**, ¶ 1. Bell
Partners, Inc. is a corporation incorporated in North Carolina. **Exhibit 2**. It has a principal place
of business in North Carolina. *Id.* Therefore, for purposes of this motion, Bell Partners, Inc. is a
citizen of North Carolina.[1]

    Bel Stoughton, LLC is a limited liability company. **Exhibit 3**. As a limited liability
company, Bel Stoughton, LLC's citizenship depends upon the citizens of its members. *Pramco,
LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 55 (1st Cir.
2006). Bel Stoughton, LLC has two members. **Exhibit 3**. Both members are citizens of
Delaware. *Id.* Therefore, Bel Stoughton, LLC is a citizen of Delaware.

    As the parties are citizens of Massachusetts, North Carolina, and Delaware, complete
diversity of citizenship exists for purposes of 28 U.S.C. § 1332.

---

[1] 28 U.S.C. § 1332(c)(1). "A corporation shall be deemed to be a citizen of every State and
foreign state by which it has been incorporated and of the State or foreign state where it has its
principal place of business [...]"

Case 1:24-cv-10390-BEM     Document 10     Filed 03/14/24     Page 16 of 51

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016     Case 1:24-cv-10390-LTS     Document 1     Filed 02/16/24     Page 4 of 32

**B. The Alleged Amount in Controversy Exceeds $75,000.**

"When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).   Unless the plaintiff challenges the amount, the defendant's notice of removal "need include only a plausible allegation" that the amount in controversy exceeds $75,000. *Id.* at 80.   If the plaintiff contests the amount in controversy, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 88.

The Complaint does not include a specific monetary claim.   The plaintiff, however, did file a Civil Action Cover Sheet (**Exhibit 4**).   That filing alleges compensatory damages of $500,000, exclusive of any claim for double or treble damages.

Although the cover sheet does not solely determine the amount in controversy, this Court can consider it as part of the analysis. *Williams v. Litton Loan Servicing*, No. CA 10-11866-MLW, 2011 WL 3585528, at *6 (D. Mass. Aug. 15, 2011).[2]   Read in conjunction with the plaintiff's allegations, this Court can conclude that the amount in controversy exceeds $75,000. *See Solimino v. Target Corporation*, 2021 WL 4822175, *3 (D. Mass. 2021) (finding sufficient amount in controversy based upon allegations and civil cover sheet); *Toro v. CSX Intermodal*

---

[2] In *Williams,* the court's primary concern was that the cover sheet conflicted with the damages alleged in the Complaint. *Id.*  No contradiction exists in this case.   This Court can also exercise supplemental jurisdiction over claims of the other class members, even if those class members seek less than $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005)

*Terminals, Inc.*, 2016 WL 4212238, *3 (D. Mass. 2016) (considering cover sheet as relevant evidence for determining amount in controversy).[3]

The defendants recognize that the Class Action Fairness Act ("CAFA") permits removal of certain class actions, subject to a $5 million amount-in-controversy. The defendants, however, are seeking removal via § 1332(a)(1), not CAFA. CAFA provides additional avenues for removal, which address diversity issues that do not exist in this case. It does not, however, limit a defendants' right to remove a class action based upon § 1332(a)(1).[4]

### C. The Defendants Satisfied the Remaining Venue and Notice Requirements for Removal.

The Superior Court for Norfolk County, Massachusetts, is located within the District of Massachusetts, *see* 28 U.S.C. § 124(a), and venue for this action is proper in this Court because the District of Massachusetts, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the defendants are attached within **Exhibit 1**.

---

[3] *See also Strauss v. Ghuman Truck Service, Inc.*, 2015 WL 1822576, *3 (E.D. Pa. 2015) (finding that "plaintiff cannot make a convincing argument that the amount in controversy in this case is less than $75,000 when he has demanded damages in excess of two million dollars and claimed present medical expenses of $40,000"); *Terrell v. Hall*, 2020 WL 7776539, *2 n.6 (M.D. La. 2020) (correspondence from defense counsel which memorializes representation from plaintiff's counsel that damages exceed $75,000 is acceptable as evidence of amount in controversy).

[4] *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (explaining that CAFA provides original jurisdiction over certain class actions, even if the parties are "minimally diverse" rather than completely diverse). In *Knowles*, the Supreme Court explained that "Congress enacted CAFA in 2005 to expand federal courts' subject matter jurisdiction over interstate class actions of national importance." *Id.*

Case 1:24-cv-10390-BEM    Document 10    Filed 03/14/24    Page 18 of 51

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016    Case 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 6 of 32

The defendants will promptly file a copy of this Notice with the Clerk of the Superior Court for Norfolk County, Massachusetts, as required by 28 U.S.C. § 1446(d). Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

The defendants received service of the Summons and Complaint on January 18, 2024 and have filed this notice within 30 days of receipt. **Exhibit 1**; **Exhibit 2**. See 28 U.S.C. § 1446(b)(2)(B). The defendants have not previously applied for removal.

By removing this action to this Court, the defendants do not waive any defenses, objections or motions available under state or federal law. The defendants expressly reserve the right to move for dismissal of some or all of plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, improper party or under the doctrine of forum non conveniens.

## Conclusion

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the defendants remove the civil action *Christine Wilson, Individually and on Behalf of all others Similarly Situated v. Bell Partners, Inc. and Bel Stoughton, LLC*, Norfolk Superior Court Department No. 2382CV01016 from the Superior Court for Norfolk County, Massachusetts to the United States District Court for the District of Massachusetts ("USDC").

Case 1:24-cv-10390-BEM    Document 10    Filed 03/14/24    Page 19 of 51

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016    Case 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 7 of 32

Respectfully Submitted,

BELL PARTNERS, INC. and
BEL STOUGHTON, LLC

By its attorneys,

*/s/ Stephen J. Orlando*
Stephen J. Orlando, Esq., BBO #687670
Eric Howard, Esq. BBO #640330
Gordon Rees Scully Mansukhani, LLP
28 State Street, Suite 1050
Boston, MA 02109
SOrlando@grsm.com
EHoward@grsm.com
(857) 263-2000

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of February, 2024, I filed the above and foregoing
pleading electronically with the Clerk of Court using the CM/ECF system, which will
serve notice on all counsel of record. Additionally, a true and accurate copy of the
foregoing document was served via electronic mail on all counsel identified below:

Kenneth D. Quat
Quat Law Offices
373 Winch Street
Framingham, MA 01701
KQuat@quatlaw.com

John R. Yasi
Yasi & Yasi, P.C.
2 Salem Green
Salem, MA 01970
John.Yasi@yasiandyasi.com

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF THE ORIGINAL
Deputy Assistant Clerk

3/13/24

7

# EXHIBIT 1

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016



**CT Corporation**
**Service of Process Notification**
01/18/2024
CT Log Number 545562108

## Service of Process Transmittal Summary

TO:     Barbara R Christy, Partner
        Schell Bray Aycock Abel & Livingston P.L.L.C.
        230 N Elm St Ste 1500
        Greensboro, NC 27401-2499

RE:     **Process Served in Massachusetts**

FOR:    Bell Partners Inc.  (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | CHRISTINE WILSON, individually and on behalf of all others similarly situated vs. BELL PARTNERS, INC. |
| CASE #: | 2382CV01016 |
| PROCESS SERVED ON: | C T Corporation System, Boston, MA |
| DATE/METHOD OF SERVICE: | By Process Server on 01/18/2024 at 15:08 |
| JURISDICTION SERVED: | Massachusetts |
| ACTION ITEMS: | CT will retain the current log |
| | Image SOP |
| | Email Notification,  JOHN TOMLINSON  jtomlinson@bellpartnersinc.com |
| | Email Notification,  Barbara R Christy  BCHRISTY@SBAAL.com |
| | Email Notification,  THOMAS HOCKMAN  thockman@schellbray.com |
| | Email Notification,  Jeff Lenser  jlenser@bellpartnersinc.com |
| | Email Notification,  KATHERINE BOULDIN  kbouldin@bellpartnersinc.com |
| REGISTERED AGENT CONTACT: | C T Corporation System |
| | 155 Federal Street |
| | Suite 700 |
| | Boston, MA 02110 |
| | 866-203-1500 |
| | DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016


**Wolters Kluwer**

## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Thu, Jan 18, 2024
**Server Name:**             Drop Service

| Entity Served | BELL PARTNERS INC. |
|---|---|
| Case Number | 2382CV01016 |
| Jurisdiction | MA |

| | Inserts | |
|---|---|---|
| | | |



(TO PLAINTIFF'S ATTORNEY:    PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                              SUPERIOR COURT
                                                          CIVIL ACTION
                                                          NO. 2382CV01016

_Christine Wilson_ , *Plaintiff(s)*

v.

_Bell Partners, Inc., et al_ , *Defendant(s)*

### SUMMONS

To the above-named Defendant: _Bell Partners, Inc._

You are hereby summoned and required to serve upon _Kenneth D. Quat, Esq._
plaintiff's attorney, whose address is _373 Winch St, Framingham MA 01701_
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,  Heidi E. Brieger    Esquire ], at _Dedham_    the _16th_

day of _January_ , in the year of our Lord two thousand and _24_

A true copy Attest:
[1-18-24] Deputy Sheriff Suffolk County
                                                          _Walter F. Timilty_  Clerk.

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

Case 1:24-cv-10390-BEM    Document 10    Filed 03/14/24    Page 24 of 51

e Filed 2/20/2024 12:51 PM
erior Court - Norfolk
cket Number 2382CV01016    Case 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 12 of 32

## PROOF OF SERVICE OF PROCESS

        I hereby certify and return that on ............................................., 20        , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..................................................................................................................................................

..................................................................................................................................................

..................................................................................................................................................

Dated:                    , 20        ..................................................................................

**N. B.   TO PROCESS SERVER:-**
        **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
        **THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
        **DEFENDANT.**

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    SUPERIOR COURT
                               CIVIL ACTION
                               NO.

                               ..........................................., *Plaintiff*

                               v.

                               ..........................................., *Defendant*

                               **SUMMONS**
                               **(Mass. R. Civ. P.4)**

Case 1:24-cv-10390-BEM     Document 10     Filed 03/14/24     Page 25 of 51

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016    Case 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 13 of 32

**QUAT LAW OFFICES**
*www.quatlaw.com*
**373 Winch Street**
**Framingham, Massachusetts 01701**

Kenneth D. Quat                                    508-872-1261
kquat@quatlaw.com                                  508-861-0162 (fax)

January 16, 2024

**Served by deputy sheriff**

Bell Partners, Inc.
c/o CT Corporation System
155 Federal St., Suite 700
Boston MA 02110

          **RE: Christine Wilson - Demand for Class Relief Under M.G.L. c. 93A, § 9**

Dear Sir/Madam:

      This office and Yasi and Yasi, P.C. represent Christine Wilson, who alleges that
Bell Partners, Inc. ("Bell Partners" or "you") engaged in unfair and deceptive acts and
practices in violation of M.G.L. c. 93A, § 2, that caused harm to Ms. Wilson and others.
The claims described herein are asserted on behalf of Ms. Wilson and putative classes of
persons similarly situated.

      Ms. Wilson entered into a lease dated November 16, 2022, to rent Apartment 5409
(the "Unit") at an apartment complex in Stoughton, Massachusetts, known as "Bell
Stoughton." (the "Property"). She moved into the Unit shortly thereafter. The landlord
named in the lease was Bel Stoughton, LLC. and it is alleged that at relevant times you
managed the Property on behalf of the landlord.

      During Ms. Wilson's tenancy the Unit and other apartments at the Property were
sub-metered for water and sewer service. Submetering is regulated by <u>M.G.L. c. 186, § 22</u>,
the requirements of which are incorporated into section 410.354(D) of the State Sanitary
Code. The Code mandates: "If the owner intends to separately bill the occupant for water or
sewer services in accordance with the provisions of <u>M.G.L. c. 186, § 22</u>, then the owner
must be in compliance with all requirements of <u>M.G.L. c. 186, § 22</u>." Bell Partners is an
"owner" as defined by the Code, and thus subject to its provisions, because it "ha[d] care,
charge or control of any . . . dwelling unit in any capacity including but not limited to [as
an] agent . . ."

Case 1:24-cv-10390-BEM    Document 10    Filed 03/14/24    Page 26 of 51

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016    Case 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 14 of 32

Bell Partners, Inc.
January 16, 2024
Page 2

**First Claim**

At all relevant times, § 22(e) and the Code did not permit a tenant to be billed for sub-metered water or sewer service unless the apartment's water conservation devices were ensured to have been functioning properly as of the commencement of the tenancy. Ms. Wilson alleges that you did not ensure the proper functioning of her water conservation devices as of her tenancy's commencement date. As a result, all sub-metered water and sewer charges billed to Ms. Wilson were unlawful and violated M.G.L. c. 93A, § 2. Ms. Wilson further alleges that this unlawful conduct was knowing or willful in nature.

Ms. Wilson asserts this claim individually and on behalf of a putative class of persons defined as follows:

> All current and former lessees of sub-metered Massachusetts apartments owned and/or managed by Bell Partners whose water conservation devices were not ensured as functioning properly on the commencement dates of the tenancies, and who on or after November 8, 2019 (four years prior to the filing of Ms. Wilson's Superior Court complaint, enclosed), were issued and paid any portion of a sub-metered water and/or sewer bill.

Ms. Wilson's demand for relief is that; (i) you pay damages equal to the amounts paid by her and putative class members for sub-metered water and sewer service, plus all charges and fees incident thereto; (ii) all pending sub-metered charges be rescinded; and (iii) no future sub-metered charges be assessed or billed until and unless the proper functioning of each member's water conservation devices has been ensured.

**Second Claim**

At all relevant times, § 22(f) and the Code provided that a residential tenant could not be charged separately for sub-metered water and sewer usage unless the lease "fully disclose[d] in plain language the details of the [] submetering and billing arrangement between the landlord and the tenant." The statute further provided that each sub-metered bill must "clearly set forth all charges and other relevant information . . . including . . . the amount of water [and sewer usage] consumed since the last reading." The sub-metered bills issued to Plaintiff stated, with respect to both water and sewer service, that "your submeter reads in ten gallon units." Thus, the sub-metered bills did not set forth the actual amounts of water and sewer service supplied to Plaintiff during the billing periods. Additionally, Plaintiff's lease does not "fully disclose, in plain language the details of the submetering and billing arrangement between the landlord and the tenant" because it states nothing about measuring water and sewer service in ten gallon increments, stating to the contrary that Ms. Wilson's bills would be based on "the amount of water consumed since the last reading . . ." These are willful or knowing violations of M.G.L. c. 93A, § 2.

Case 1:24-cv-10390-BEM    Document 10    Filed 03/14/24    Page 27 of 51

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016    Case 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 15 of 32

Bell Partners, Inc.
January 16, 2024
Page 3

Ms. Wilson asserts this claim individually and on behalf of a putative class of persons defined as follows:

> All current and former lessees of sub-metered Massachusetts apartments owned and/or managed by Bell Partners whose leases did not provide for sub-metered billing based on ten-gallon units and who, on or after November 8, 2019, were issued and paid any portion of a sub-metered bill for water and/or sewer service measured in ten gallon units.

Ms. Wilson's demand for relief is that (i) you pay damages equal to the amounts paid by her and putative class members for unlawful water and sewer charges, plus all charges and fees incident thereto; (ii) all pending unlawful charges be rescinded; and (iii) no future sub-metered charges be assessed or billed until and unless your billing practice is consistent with the leases and the requirements of Massachusetts law.

**Third Claim**

At all relevant times § 22(g) and the Code required that the charges per unit of water and sewer service used to calculate monthly sub-metered bills be based on the information contained in Town of Stoughton water and sewer bills for the same billing periods. On information and belief, Ms. Wilson's sub-metered bills were calculated on the basis of the most recent municipal bills, i.e., not on the basis of municipal bills covering the same periods as the sub-metered bills. Thus, none of the sub-metered bills issued to Ms. Wilson were lawful and all violated M.G.L. c. 93A. This was a knowing or willful violation.

Ms. Wilson asserts this claim on her behalf and on behalf of a class of persons defined as follows:

> All current and former lessees of sub-metered Massachusetts apartments owned and/or managed by Bell Partners who, on or after November 8, 2019, were issued and paid any portion of a sub-metered bill with a charge per unit of water or sewer service not calculated on the basis of the utility provider's charge for the same billing period.

Ms. Wilson's demand for relief is that (i) you pay damages equal to all monies paid by her and putative class all members for sub-metered water and sewer service plus all charges and fees incident thereto; (ii) all pending sub-metered charges be rescinded; and (iii) no future sub-metered charges be assessed or billed until and unless there is full compliance with the statutory requirement.

3

Case 1:24-cv-10390-BEM    Document 10    Filed 03/14/24    Page 28 of 51

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016    Case 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 16 of 32

Bell Partners, Inc.
January 16, 2024
Page 4


Under M.G.L. c. 93A, § 9, you may tender a reasonable written offer of settlement within thirty (30) days of receipt of this letter. Should you fail to make such a tender and liability is established under M.G.L. c. 93A, § 2, the statute provides for the recovery of actual damages or $25.00, whichever is greater, plus interest, costs and reasonable attorneys' fees. In the event the court finds that the unlawful conduct was willful or knowing in nature, or that the refusal to grant relief upon demand was made in bad faith and/or with knowledge or reason to know that the alleged conduct violated M.G.L. c. 93A, § 2, then the court must award not less than two nor more than three times the actual damages awarded, together with interest, costs, and attorneys' fees.[1]


I look forward to hearing from you or your attorney regarding this matter.


Sincerely,


Kenneth D. Quat


Cc: C. Wilson
      J. Yasi, Esq.

---

[1] Should you make a timely and reasonable written tender of settlement to Ms. Wilson and putative class members that is accepted, the parties would negotiate in good faith to draft and enter into a formal class-wide settlement agreement resolving the above claims and related statutory and/or common law claims. In conjunction with this process, you will provide reasonable confirmatory discovery concerning the identity and number of class members and class damages. and this office will provide (if requested) reasonable confirmatory discovery concerning the adequacy of Ms. Wilson as the class representative and the attorneys as class counsel. The agreement would provide, *inter alia,* for the agreed-upon class relief; for class certification; for appointment of Ms. Wilson as class representative and the attorneys as class counsel; for notice to class members; for payment by you of reasonable costs of notice and administration; for payment by you of class counsel's reasonable fees and costs; for payment by you of a reasonable service award to Ms. Wilson; and the release of you by Ms. Wilson and class members from any further liability for the settled claim. The agreement would not be binding unless and until approved by the court, final judgment enters thereon, and the time for appeal has expired, or if an appeal is taken, when the judgment is affirmed on appeal and/or the time for any further appeal has expired; should these events not occur, the agreement would be void and the parties' rights restored as they existed prior to the agreement.

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016    Case 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 17 of 32

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2382CV01016 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Christine Wilson vs. Bell Partners, Inc. et al | | Walter F. Timilty, Clerk of Courts<br>Norfolk County |
| TO: Kenneth D Quat, Esq.<br>Quat Law Offices<br>373 Winch St<br>Framingham, MA 01701 | | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                               **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/05/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 03/06/2024 | |
| All motions under MRCP 12, 19, and 20 | 03/06/2024 | 04/05/2024 | 05/06/2024 |
| All motions under MRCP 15 | 12/31/2024 | 01/30/2025 | 01/30/2025 |
| All discovery requests **and depositions** served and non-expert depositions completed | 10/27/2025 | | |
| All motions under MRCP 56 | 11/26/2025 | 12/26/2025 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/27/2026 |
| Case shall be resolved and judgment shall issue by | | | 11/06/2026 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.**

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br><br>**11/07/2023** | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

Date/Time Printed: 11-07-2023 09:40:56                                                        SCV026\ 08/2018

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382cv01016
Superior Court - Norfolk
Docket Number
Docketed 11/7/2023

1

# COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                    Superior Court Department
                                                No. 2382cv01016

---

CHRISTINE WILSON, individually and on    )
behalf of all others similarly situated,  )
                                          )
                    Plaintiff             )
                                          )
v.                                        )
                                          )
BELL PARTNERS, INC. and                   )
BEL STOUGHTON, LLC,                       )
                                          )
                    Defendants            )

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

### Introductory Statement

Massachusetts General Laws Chapter 186, § 22, and the Massachusetts Sanitary Code impose strict requirements on residential landlords and their agents who choose to bill tenants individually for water and sewer service as measured by submeters installed in their apartments. Plaintiff resides at an apartment complex in Stoughton, Massachusetts, that is owned and managed by Defendants, during which time her rights under § 22 and the Code have been violated in multiple respects. These violations resulted from standard business practices employed by Defendants at the Stoughton property and by defendant Bell Partners, Inc. at other apartment complexes in Massachusetts, and are continuing.

### Parties

1.    Plaintiff Christine Wilson is an individual who resides in Stoughton, Norfolk County, Massachusetts.

2.    Defendant Bell Partners, Inc. is a North Carolina corporation that conducts business

1

Case 1:24-cv-10390-BEM     Document 10     Filed 03/14/24     Page 31 of 51

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 1882CV 0019PM
Superior Court - Norfolk
Docket Number

in Massachusetts with a principal place of business at 300 North Greene Street, Greensboro, North Carolina 27401.

3.      Defendant Bel Stoughton, LLC, is a Delaware limited liability company that conducts business in Massachusetts with a principal place of business at Two International Place, Boston, Massachusetts 02110.

**Facts**

4.      At times relevant to this complaint Bel Stoughton was the owner of an apartment complex in Stoughton, Massachusetts, known as "Bell Stoughton" (the "Property").

5.      Plaintiff entered into a lease dated November 16, 2022 (the "Lease") to rent Apartment 5409 at the Property (the "Unit") from November 25, 2022 – January 24, 2024 (the "Tenancy").

6.      Plaintiff moved into the Unit on or about November 25, 2022, and resides there today.

7.      At relevant times Bell Partners managed the Property on behalf of the landlord.

8.      At relevant times the Town of Stoughton ("Stoughton") supplied water service and sewer service to the Property.

9.      The Lease provided for water and sewer service supplied to the Unit to be calculated and billed on a sub-metered basis by a company selected by the landlord.

10.      Defendants engaged Conserve, LLC to calculate and bill sub-metered water and sewer service provided to the Unit.

11.      On behalf of Defendants, Conserve calculated sub-metered water and sewer charges and issued periodic bills to Plaintiff for such charges.

12.      At all relevant times M.G.L. c. 186, § 22(e), provided that a tenant could not be

2

billed on a sub-metered basis for water and sewer service unless all faucets, showerheads, and toilets in the apartment were "water conservation devices" as defined by § 22(a).

13.     At all relevant times, M.G.L. c. 186, § 22(e), prohibited charging a tenant on a sub-metered basis for water and/or sewer service without ensuring that all water conservation devices were functioning properly on the commencement date of the tenancy.

14.     Defendants did not ensure that all of the Unit's water conservation devices were functioning properly at the commencement of the Tenancy.

15.     On the date the Tenancy commenced, M.G.L. c. 186, § 22(f), provided that a tenant could only be charged separately for sub-metered water and/or sewer usage if the lease "fully discloses in plain language the details of the [] submetering and billing arrangement between the landlord and the tenant" and if submeter bills "clearly set forth all charges and other relevant information . . . including . . . the amount of water [and sewer usage] consumed since the last reading."

16.     The Lease stated in pertinent part: "we will provide you with a bill for water/sewer usage which will include . . . the amount of water consumed since the last reading."

17.     The sub-metered bills issued to Plaintiff stated, with respect to both water and sewer service, that "[y]our submeter reads in ten gallon units."

18.     No language indicating that sub-metered water or sewer service would be measured and billed in 10-gallon units appears in the Lease.

19.     The sub-metered bills issued to Plaintiff did not set forth the amounts of water service or sewer service supplied to the Unit during the billing periods.

20.     At all relevant times, M.G.L. c. 186, § 22(g), required that charges per unit of water service and sewer service billed to tenants be calculated on the basis of information

3

contained in water/sewer bills issued by the provider for the same billing period.

21.    During the Tenancy, Plaintiff was issued bills for sub-metered water and sewer service on a monthly basis, more or less.

22.    During the Tenancy, the sub-metered water and sewer bills issued to Plaintiff were based on the most recent water/sewer bill issued by Stoughton, not on bills correlating with the periods of Plaintiff's actual usage.

23.    As a result of Defendants' practices set forth above, amounts charged to Plaintiff for sub-metered water charges and sewer charges were unlawful.

24.    Plaintiff paid the sub-metered water and sewer charges billed to her during the Tenancy.

## Class Action Allegations

25.    Plaintiff brings this action on behalf of herself and classes of persons similarly situated which, pending further investigation and discovery, are initially defined as follows:

> Class A (count I) comprises all current and former lessees of sub-metered Massachusetts apartments owned and/or managed by Bell Partners, Inc., whose water conservation devices were not ensured to have been functioning properly on the commencement dates of their tenancies, and who, on or after the date four years prior to the filing of this action, were issued and paid any portion of a sub-metered water and/or sewer bill.

> Class B (count II) comprises all current and former lessees of sub-metered Massachusetts apartments owned and/or managed by Bell Partners, Inc., whose leases did not provide for sub-metered measurement or billing in ten-gallon units and who, on or after the date four years prior to the filing of this action, were issued and paid any portion of a sub-metered bill for water or sewer service measured in ten gallon units.

> Class C (count III) is comprised of all current and former lessees of sub-metered Massachusetts apartments owned and/or managed by Bell Partners, Inc., who, or or after the date four years prior to the filing of this action, were issued and paid any portion of a sub-metered bill with a charge per unit of water or sewer service not calculated on the basis of the utility provider's charge for the same billing period.

4

Case 1:24-cv-10390-BEM    Document 10    Filed 03/14/24    Page 34 of 51
Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 1282CV01239 BMCase 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 22 of 32
Superior Court - Norfolk
Docket Number

A sub-class of each of the above classes and sub-classes is comprised of lessees of the Property, to whom Bel Stoughton, LLC, is alleged to be jointly and severally liable with Bell Partners.

Excluded from each class and sub-class are current and former officers, directors, employees, and agents of Defendants and persons who have released Defendants from all of the claims asserted.

26.     The Property contains approximately 240 apartments and Plaintiff alleges on information and belief that at relevant times there were at least hundreds of other rental apartment units in Massachusetts under the ownership, management, and or control of Bell Partners that were sub-metered for water and sewer service. Given the number of sub-metered apartments and typical occupany turnover rates, each class and sub-class is sufficiently numerous such that joinder is impracticable

27.     There are questions of law and fact common to the classes and sub-classes which predominate over any questions affecting only individual members. The principal common questions are whether the Property was owned, operated, and managed as alleged; whether Defendants engaged in one or more of the allegedly unlawful business practices during the class periods at the Property and other residential apartment properties in Massachusetts; whether class members were harmed; and whether Defendants are jointly and severally liable to tenants of the Property for the alleged violations and resulting harm.

28.     Plaintiff's claims are typical of the claims of class and sub-class members. All claims arise from the same operative facts and are based on the same legal theories.

29.     Plaintiff will fairly and adequately protect the interests of class and sub-class members. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling landlord-tenant, consumer protection, and class action litigation. Neither Plaintiff nor counsel have any interests that might cause them not to

vigorously and competently prosecute this action.

30.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, as the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, rendering it impractical and economically unfeasible for class members to seek redress individually. In addition, a class action is necessary to vindicate the rights of persons who are unaware they have claims against Defendants.

31.     A class action is also a superior method for resolving this controversy because the prosecution of separate actions by individuals would create a risk of inconsistent or varying adjudications which might establish incompatible standards of conduct for Defendants.

32.     There are no unusual or extraordinary difficulties likely to be encountered by the Court in managing this case as a class action.

### **Failure to Ensure Proper Functioning of Water Conservation Devices**

### COUNT I
### Violation of <u>M.G.L. c. 186, §§ 22(e)</u> and (c)

33.     The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

34.     Count I is brought by Plaintiff individually and on behalf of Class A and the sub-class.

35.     Defendants failed to ensure that the Unit's water conservation devices were functioning properly on the commencement date of the Tenancy, in violation of <u>M.G.L. c. 186, sections 22 (c)</u> and (e).

36.     Under <u>M.G.L. c. 186, § 22(c)</u> and <u>(e)</u>, Defendants were prohibited from billing Plaintiff for sub-metered water or sewer usage.

6

Case 1:24-cv-10390-BEM    Document 10    Filed 03/14/24    Page 36 of 51
Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Date Filed 12/8/2023 6:33 PM
Docket Number  Case 1:24-cv-10390-LTS    Document 1    Filed 02/16/24    Page 24 of 32
Superior Court - Norfolk
Docket Number

37.    Plaintiff was harmed by paying water and sewer charges unlawfully billed to her.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution; rescinding any unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees; and awarding such other relief as this Court deems fair and just.

## Unlawful Measurement/Calculation of Water/Sewer Service

### COUNT II
### Violation of M.G.L. c. 186, §§ 22(f) and (c)

38.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

39.    Count II is brought by Plaintiff individually and on behalf of Class B and the sub-class.

40.    Defendants measured Plaintiff's water and sewer usage in ten gallon units and calculated water and sewer charges billed to Plaintiff based on such measurements.

41.    The Lease did not fully disclose in plain language the details of the submetering and billing arrangement to be employed by Defendants.

42.    The sub-metered bills issued to Plaintiff did not clearly set forth the amounts of water and sewer usage consumed since the last readings.

43.    Under M.G.L. c. 186, § 22(f) and (c), Defendants were prohibited from billing Plaintiff for sub-metered water and/or sewer usage.

44.    Plaintiff was harmed by paying water and sewer charges unlawfully billed to her.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution; rescinding any unpaid water and sewer charges

and related fees; enjoining Defendants from continuing to engage in the unlawful conduct complained of; awarding interest, costs, and reasonable attorney's fees; and awarding such other relief as this Court deems fair and just.

## Failure to Correlate Billing Periods

### COUNT III
### Violations of M.G.L. c. 186, §§ 22(g) and (c)

45.    The allegations of all preceding paragraphs are restated and incorporated herein as if fully set forth.

46.    Count III is brought by Plaintiff individually and on behalf of Class C and the sub-class.

47.    Plaintiff was billed monthly for sub-metered water and sewer charges.

48.    The charges per unit of water and sewer service set forth in Plaintiff's monthly sub-metered bills were not based on information contained in Stoughton water and sewer bills for service supplied to the Property for the same billing periods, as required by M.G.L. c. 186, § 22(g).

49.    Defendants violated M.G.L. c. 186, § 22(g), by calculating charges per unit of water service and sewer service billed to Plaintiff on the basis of municipal water and sewer charges for different billing periods than Plaintiff's sub-metered bills.

50.    Under M.G.L. c. 186, § 22(c), Defendants were prohibited from billing Plaintiff for sub-metered water and/or sewer charges.

51.    Plaintiff was harmed by paying unlawful water and sewer charges billed to her.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding damages or restitution, rescinding any unpaid water and sewer charges and related fees; enjoining Defendants from continuing to engage in the unlawful conduct

complained of; awarding interest, costs, and reasonable attorney's fees; and awarding such

other relief as this Court deems fair and just.

**Plaintiff claims jury trial.**

**CHRISTINE WILSON, Plaintiff**
**By her attorneys:**

/s/

_Kenneth D. Quat_
Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261
kquat@quatlaw.com

_/s/ John R. Yasi_
John R. Yasi
BBO #556904
Yasi & Yasi, P.C.
2 Salem Green
Salem MA 01970
617-741-0400
john.yasi@yasiandyasi.com

9

# EXHIBIT 2

## UNITED STATED DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CHRISTINE WILSON, individually and
on behalf of all others similarly situated,

                         Plaintiff

v.

BELL PARTNERS INC. and
BEL STOUGHTON, LLC,

                         Defendants

## SWORN AFFIDAVIT OF JOHN E TOMLINSON

1. I, John E. Tomlinson, testify to the following under the pains and penalties of perjury based upon my personal knowledge.

2. I am the Chief Financial Officer of Bell Partners Inc.

3. Bell Partners Inc. is a corporation incorporated under the laws of North Carolina with a principal place of business in North Carolina.

4. Bell Partners Inc. does not have a principal place of business in Massachusetts or Delaware.

5. The defendants received service of the plaintiff's Complaint on January 18, 2024.

Signed under the pains and penalties of perjury this 15th day of February, 2024.

John E Tomlinson
John E Tomlinson

# <u>EXHIBIT 3</u>

**UNITED STATED DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CHRISTINE WILSON, individually and
on behalf of all others similarly situated,

Plaintiff

v.

BELL PARTNERS, INC. and
BEL STOUGHTON, LLC,

Defendants

**SWORN AFFIDAVIT OF JOHN R. BARRIE**

1.  I, John R. Barrie, testify to the following under the pains and penalties of perjury based upon my personal knowledge.

2.  I am an authorized signatory for Bell Stoughton, LLC.

3.  Bel Stoughton, LLC is a limited liability company with two members: Belgard Realty Corporation and Belgard Capital Fund LLC.

4.  Both members of Bel Stoughton, LLC are citizens of Delaware.  Neither member has a principal place of business or citizenship in Massachusetts.

Signed under the pains and penalties of perjury this 15th day of February, 2024.


John R. Barrie
Authorized Signatory

# EXHIBIT 4

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2382cv01016 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Norfolk Superior Court (Dedham) |

| Plaintiff | Christine Wilson | Defendant: | Bell Partners, Inc.; Bel Stoughton, LLC |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | |
| | | | |
| | | | |
| Plaintiff Attorney: | Kenneth D. Quat | Defendant Attorney: | |
| ADDRESS: | 373 Winch St., Framingham MA 01701 | ADDRESS: | |
| | | | |
| | | | |
| BBO: | 408640 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BH1 | Violation of trade regulation laws | A | ☒ YES     ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES     ☒ NO | ☒ YES     ☐ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses _____

    2. Total doctor expenses _____

    3. Total chiropractic expenses _____

    4. Total physical therapy expenses _____

    5. Total other expenses (describe below) _____

    Subtotal (1-5): _____ $0.00

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below) $500,000.00

Unlawful water/sewer charges (amount estimated)

    TOTAL (A-F): _____ $500,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff was billed for sub-metered water/sewer charges in violation of G.L. c. 186, s. 22.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X /s/Kenneth D. Quat     Date: 10/10/2023

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

None known.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X /s/Kenneth D. Quat     Date: 10/10/2023

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016

Case 1:24-cv-10390-LTS  Document 1-1  Filed 02/16/24  Page 1 of 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Christine Wilson, individually and on behalf of others similarly situated

**DEFENDANTS**

Bell Partners, Inc. and Bel Stoughton, LLC

**(b)** County of Residence of First Listed Plaintiff  Norfolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Guilford
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kenneth D. Quat, Quat Law Offices, 373 Winch Street Framingham, MA/ John R. Yasi, Yasi & Yasi PC

Attorneys *(If Known)*

Stephen J. Orlando, Gordon Rees Scully Mansukhani 28 State Street, Suite 1050 Boston, MA 02109

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [x] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
G.L. c. 186, s. 22

Brief description of cause:
Plaintiff was billed for sub-metered water/sewer charges in violation of G.L. c. 186, s. 22

## VII. REQUESTED IN COMPLAINT:

- [x] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  500,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  02-16-2024

SIGNATURE OF ATTORNEY OF RECORD  /s/ Stephen J. Orlando

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Date Filed 2/20/2024 12:51 PM
Superior Court - Norfolk
Docket Number 2382CV01016

Case 1:24-cv-10390-LTS    Document 1-2    Filed 02/16/24    Page 1 of 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)** Christine Wilson, individually and on behalf of others similarly situated,
   v. Bell Partners, Inc.

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).**

   ☐ I. 160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   ☑ III. 120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**
   YES ☐    NO ☑

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?    (See 28 USC §2403)**
   YES ☐    NO ☑

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**
   YES ☐    NO ☑

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**
   YES ☐    NO ☑

7. **Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).**
   YES ☑    NO ☐

   A. **If yes, in which division do all of the non-governmental parties reside?**
   Eastern Division ☑    Central Division ☐    Western Division ☐

   B. **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**
   Eastern Division ☐    Central Division ☐    Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)**
   YES ☐    NO ☑

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Stephen J. Orlando, Esq.
**ADDRESS** 28 State Street, Suite 1050 Boston, MA 02109
**TELEPHONE NO.** 857-504-6104

**(CategoryForm11-2020.wpd )**

Date Filed 1/25/2024 4:02 PM
Superior Court - Norfolk
Docket Number 2382CV01016

(TO PLAINTIFF'S ATTORNEY:    PLEASE CIRCLE TYPE OF ACTION INVOLVED:    3.0
                            TORT - MOTOR VEHICLE TORT - CONTRACT -

EFILED 1/25/2024 & DOCKETED 1/26/2024 EQUITABLE RELIEF – OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    SUPERIOR COURT
                                                CIVIL ACTION

                                                NO. 2382CV01016

_Christine Wilson_ , *Plaintiff(s)*

v.

_Bell Partners, Inc., et al_ , *Defendant(s)*

## SUMMONS

To the above-named Defendant: _Bel Stoughton, LLC_

        You are hereby summoned and required to serve upon _Kenneth D. Quat, Esq._
plaintiff's attorney, whose address is _373 Winch St, Framingham MA 01701_
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS, Heidi E. Brieger    Esquire ], at _Dedham_ the _16th_

day of _January_ , in the year of our Lord two thousand and _24_

                                                _Walter F. Timilty_ Clerk.

NOTES:
1.   This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all such defendants should appear in the caption.
     If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

January 22, 2024

**I hereby certify and return that on 1/18/2024 at 2:30 PM I served a true and attested copy of the Summons, Complaint, Demand Letter and Tracking Order in this action in the following manner: To wit, by delivering in hand to Tasha Mann, agent and person in charge at the time of service for Bel Stoughton LLC, at 155 Federal Street Suite 700 CT Corporation System Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($6.40) Total: $42.70**

Deputy Sheriff     Gabrielle Drapeau

_____                    _____
                                                                                 *Deputy Sheriff*

, 20

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

_____, Plaintiff

v.

_____, Defendant

SUMMONS
(Mass. R. Civ. P.4)

Deputy Assistant Clerk

3/13/24

Date Filed 1/25/2024 4:10 PM
Superior Court - Norfolk
Docket Number 2382CV01016

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)                          4.0

EFILED 1/25/2024 & DOCKETED 1/26/2024

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    SUPERIOR COURT
                                                CIVIL ACTION
                                                NO. 2382CV01016

_Christine Wilson_ , *Plaintiff(s)*

v.

_Bell Partners, Inc, et al_ , *Defendant(s)*

### SUMMONS

To the above-named Defendant: Bell Partners, Inc.

You are hereby summoned and required to serve upon Kenneth D. Quat, Esq.
plaintiff's attorney, whose address is 373 Winch St, Framingham MA 01701
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS, Heidi E. Brieger Esquire ), at Dedham the 16th

day of January , in the year of our Lord two thousand and 24

                                                Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

**January 22, 2024**

I hereby certify and return that on 1/18/2024 at 2:30 PM I served a true and attested copy of the Summons, Complaint, Demand Letter and Tracking Order in this action in the following manner: To wit, by delivering in hand to Tasha Mann, agent and person in charge at the time of service for Bell Partners Inc., at 155 Federal Street Suite 700 CT Corporation System Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

Deputy Sheriff    Gabrielle Drapeau

_____ *Deputy Sheriff*

, 20

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

Plaintiff

v.

Defendant

SUMMONS

(Mass. R. Civ. P.4)

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF THE ORIGINAL

*Deputy Assistant Clerk*  3/13/24